Thank you. Good morning, Your Honors. My name is Jan Joseph Behar, and I represent the petitioner, Martha Octavia Koegel, in this matter. I'd like to reserve a couple of minutes for rebuttal with the Court's permission. At issue in this case is the Board of Immigration Appeals construction of Section 212A6C2, under which Mrs. Koegel was improperly found inadmissible. And the problem with the Board of Immigration Appeals analysis is that 212A6C2, or Clause 2, cannot be read in a vacuum. It is part and parcel of Section 212A6C, which includes subsections 1, 2, and 3. Subsection 1 is the general misrepresentation provision providing for inadmissibility of any alien who misrepresents any material fact for purposes of obtaining any benefit under the Immigration and Nationality Act, including entry to the United States, documentation to the United States, and so on. And we would not dispute that a false claim to one's place of birth falls into the categories contemplated here, as well as claiming United States citizenship. The question then becomes, why would Congress create subsection 2, specifically distinguishing a false claim to United States citizenship, and it does not say or its equivalent, it specifically says United States citizenship, if that is clearly already covered in subsection 1? And I would suggest that the answer to that lies in subsection 3, which is the waiver section, because subsection 3 says for waiver of Clause 1, see subsection I. The problem with that is that it specifically makes subsection 2 a mandatory ground of inadmissibility, because it denies the waiver to anybody who makes a claim to citizenship. Because of that, it really becomes an enhancement. Subsection 2 becomes an enhancement, because it provides for a specific penalty for specific conduct, in this case, claiming United States citizenship. And that claim has to be direct. It cannot be inferred or kind of sort of, I understood that that's what he said. It's very, very clear. In the present case, my client signed an application for a U.S. passport, and in it she said she affirmed that she had not since acquiring citizenship committed any acts. The focus of that affirmation is not the citizenship part, it's whether any acts were committed. So when she pled guilty to making a false statement on a passport application, what did that mean? That's an important point, Your Honor. Thank you for bringing it up. What she was pleading guilty to was the false statement, which is a representation of her place of birth in Texas. If you review the application, the application in nowhere says, I am a United States citizen. It asks where you were born, what your address is, who your parents are, social security number, a variety of biographical information. It's only one page long. And then at the end it has that affirmation. But it doesn't, and by the way, keep in mind, please, that the application for passport is not limited to U.S. citizens. It is also allowable for nationals, non-citizen nationals of the United States. And I would point something out. This court in the case it just heard previously before mine, the court asked counsel for Fox whether when their contract expired and whether they were planning to modify it. I would point out to the court that the most recent version of the passport application is very different from the one that my client signed. In the affirmation it says, I declare under penalty of perjury all of the following. Number one, I am a citizen or non-citizen national of the United States and have not since acquiring U.S. citizenship or nationality performed the acts listed on the back of this form. So clearly the State Department figured out that their application was wrong because it does not require anyone to state whether they are a citizen, a national, or what it is that they are when they're applying for this passport. And you cannot infer that my client made a claim to citizenship. In the BIA case, Barsenas Barrera, that seems very close to this one. Yes. That goes the opposite way than what you want. Yes, and I'm prepared to address Barsenas Barrera. In my case, the BIA found that it was not the misrepresentation of the place of birth that was the false claim. They found that it was the affirmation on the form. In Barsenas Barrera they found that it was both. They said it's the misrepresentation of the place of birth and also the signing of the form. That's what we have here, isn't it? A misrepresentation of the place of birth and the signing of the form. Yes. As to, and that's exactly my point, going to the affirmation for a second. If I could give the court an example. Suppose for a moment that a college application asks a prospective applicant, have you ever, since graduating from high school, smoked marijuana? Prospective student, aware that he has never smoked marijuana, signs it. He has never smoked marijuana, signs it. He gets admitted. They never asked him if he was actually a high school graduate. It turns out later that he never graduated from high school and he starts having problems with the school. I want to get back to this case. My question is why aren't we required to defer to the BIA? You're not required to defer to the BIA, first of all, because it's wrongly decided, in my opinion, and secondly because the BIA itself never said that it was interpreting an ambiguous statute. And under Delgado v. Holder, this court has held that an agency's interpretation is not entitled to deference when the board itself did not consider the opinion to reflect its reasonable interpretation of an ambiguous statute. The BIA in that case, in Barcenas-Barrera, said that it was going by the plain language of the statute. And it also said that that statute is to be read very broadly. Well, if they're right that that's what the plain statute says, the plain meaning of the statute says, then you lose if they're right about their reading of it. Right? Correct. If it's ambiguous, then you lose because they're entitled to construe it. And we're required to defer to their construction. But you're not required to defer to their construction if it's unreasonable? That's the only way you win is if their reading of the statute is wrong. If it's ambiguous or if they're right, you lose. And that is exactly my point, Your Honor. The statute is the interpretation is wrong. It is not to be read broadly. It's to be read narrowly. And why is it to be read narrowly? Very simple. Because, as I said before, this is really an enhancement. If you read the complete statute, clauses 1, 2, and 3, it becomes apparent that clause 2 is included in clause 1. It's a false representation for a purpose under the Act. However, when under that interpretation, when the person makes a statement and then you look at clause 2 and it says, for a person who is specifically, it doesn't say specifically, for a person who has made a false representation as to United States citizenship, then there's a different result, which is basically in clause 3, there is no waiver available. When you treat something as an enhancement, you have to make sure that the conduct which promotes that enhancement has actually been incurred. This Court would never, in a case where somebody dies at the hands of somebody else, this Court would never permit that person to be convicted of first-degree murder unless there was premeditation and facts that would actually lead to that finding. In this case, the facts that we have are this woman said, I was born in Texas. She signed an affirmation. The affirmation really goes to the acts that were committed after a certain mark or after a certain point and nothing else. You're on a reserve. Yes. Thank you. Very good. Thank you. Your Honors, may it please the Court, Nancy Cantor on behalf of the Attorney General. The only issue before the Court today is whether Petitioner is inadmissible by virtue of having signed a passport application in which she affirmed that she is a U.S. citizen. On June 16, 1997, Petitioner submitted a completed passport application in which she affirmed that she has not, since acquiring U.S. citizenship, performed any acts which would disqualify her for citizenship. Based on Your Honors' previous questions, I submit government's position today is that matter of Barsanis-Berrera controls this case. Your Honors, here we have virtually identical facts. A fake Texas birth certificate that was submitted along with an attestation on a U.S. passport that she has not since acquiring U.S. citizenship, the presumption being that she is a U.S. citizen. You have to get there by implication. I think that's the trouble. I don't believe you do, Your Honor. Actually, what she says is literally true because she never acquired U.S. citizenship. Excuse me? Well, she said, I haven't since acquiring citizenship done anything. She never acquired citizenship. That's true, Your Honor, but there is no U.S. I mean, Petitioner is encouraging us to look at this passport application completely devoid of reality. There is not a U.S. passport application for citizens and one for non-citizens. No, I recognize that. There is a U.S. passport application you can apply as a natural-born citizen, i.e., Petitioner applied as a natural-born citizen based on a false Texas passport or as a national of the United States. If you are applying for citizenship as a national of the United States, you do not supply a place of birth that's in the United States. In the past, you would submit a territory or some other U.S. territory. I think there's only two now. But those two – Would a national have to sign that statement, sign Box 21? I'm not sure, Your Honor. I don't know what the passport application for a national would look like. You think there's a different application? I don't know. I don't know what it currently stands, but I know that the application she presently signed submitted that she was born in Texas as a place of birth and attested, I have not since acquired U.S. citizenship. In matter of Barsines Barrera, nearly identical facts. The board concludes that this is clearly inadmissible conduct based on false claim of U.S. citizenship. Most recently, the court in Valdez-Munoz looked at a much lesser – this is not as strong a case as if an alien had actually signed a statement admitting that he had falsely claimed citizenship or pled guilty to the crime of doing so. Here, the petitioner pled guilty to 18 U.S.C. 1542, which is a false statement in the application for a U.S. passport. However, the complaint charged petitioner with submitting a false Texas birth certificate as proof of citizenship. So even though 1542 is a false statement in a U.S. passport application, the charge was that she submitted a false claim of citizenship and there was a guilty plea that resulted. So, Your Honor, government's position – The problem is, I mean, it was the same form used by U.S. nationals at the time. So the form just didn't fit all circumstances. And you can't say that they were supplying or making a false statement, U.S. nationals, right? Is that a crime, the U.S. nationals? No, I mean, by representing since acquiring citizenship, it was the same form used. Well, I believe that a U.S. national would be submitting that they are entitled to – one, would not state that they were born in the state of Texas. Two, they would be affirming that they are eligible for a passport, which is only – Yeah, you had a bad form. That's the problem with this case. And it's – whether it's technically enough or not is the question. You have a bad form. Well, Your Honor, I submit that – You've got a better form now. We have a better form now. I'm not familiar with the current form, but I will let our friends at the State Department know. Matter of fact, Stanisburg controls this case. Whether the court wants to defer to the opinion, which was decided after our decision in this case, or if the court wants to view it as a remand would be entirely futile because we have nearly identical facts leading to the conclusion that Petitioner is permanently inadmissible based on her false claim of citizenship. Well, there's some tension, I guess, in looking at it in Barsonea's and our case of – I'm going to mispronounce it – Caratuni. Caratuni? Caratuni says that the statement from which U.S. citizenship could be inferred is insufficient evidence to support a conviction under U.S.C. 9-11. Now, the BIA distinguished that case by saying that's different because there's a higher burden of proof. But is it clear and convincing here? Well, actually, Your Honor, the court – I mean, what's the difference between – I guess I didn't understand that in the BIA's opinion because I don't see – there may be a difference between clear and convincing beyond reasonable doubt, but pretty close. Well, Your Honor, in a criminal conviction, 9-11 conviction, the government bears the burden of demonstrating by clear and convincing evidence – or the government bears the burden here for an A6C2 finding of inadmissibility. It's the alien who bears the burden. And this court in Valdez-Munoz has already distinguished the Caratuni issue by stating that the strongest riposte to this kind of claim is that the cases cited are criminal convictions where the defendant has to be found guilty beyond a reasonable doubt. Here, on the other hand, the burden of persuasion is reversed, for, again, the alien bears the burden of proving that he is not inadmissible clearly and beyond doubt. That makes all the difference in the world. The alien here bore the burden of demonstrating by clear and convincing evidence that she was not inadmissible. The BIA's finding that she made a false claim of citizenship is reviewed for substantial evidence. However, the BIA's ultimate finding that she is inadmissible under A6C2 is conclusive unless manifestly contrary to the law. So because we have a finding of inadmissibility here where the alien bore the burden of proof, it's completely distinguishable, as this court has held and addressed in Valdez-Munoz, from a 9-11 type conviction. Unless the court has any other questions, government's happy to rest on the briefs that are presented here today. Thank you. Thank you. Thank you, Your Honors. We raised Caratuni not for the purposes of establishing the burden of proof. The reason why we raised Caratuni is because there are no real cases on point in this at the time when we filed our brief. And in Caratuni, the confusion was the box that he marked in a 9-9 was I am a citizen or national of the United States, which is actually more damning than the passport application in Mrs. Cagle's case, because in that case, he actually had to affirmatively say he was one or the other. In this one, it simply says, since acquiring citizenship, I haven't done that. And that is the focus of the application. Go ahead, Jim. When you read that in combination with the claim in the same application that says she was born in El Paso, Texas, I don't see how you can construe this as anything other than a claim of U.S. citizenship. It's an application for passport. She says since acquiring citizenship, she says she was born in the United States. Well, there's no statement that she makes specifically, I am a United States citizen. And I think that that is what is required when you're enhancing the penalties on somebody like this. We're not even saying that she's not inadmissible under 212A6C1. I'm simply saying that the enhancement requires a specific statement that I am a United States citizen, not something that can be inferred or found or whatever. And, in fact, the form that she signed was the form signed by nationals and by citizens at that time, as is today. Except that today, the State Department has chosen to... That I get, but I don't see how you could say you're a national and say, also, I was born in El Paso, Texas. That's the part I don't get. She's not saying either one. She's not saying I'm a national. She's not saying I'm a citizen. Saying I was born in El Paso, Texas is not I'm a national or a citizen of the United States. You may want them to infer that. That part isn't. The next part, Block 21, is where you bring up citizenship. I don't think that they're related because the – for that reason, they have amended the form today where it says I am a national or citizen of the United States, and since then I have not done this. But prior to this, when she signed that form, it didn't say specifically I am a citizen of the United States. And I think that that's really – if you're going to apply the enhanced penalties, I think that you really need to require that the government establish that that's exactly what she did and nothing less. And in their 28-J letter, the government states that she was convicted of making a false claim to U.S. citizenship. That would have been 9-11. She pled guilty to making a false statement on a passport under 1542. Okay, thank you. Thank you very much. Thank you very much. The case is heard. It will be submitted for decision. And we'll – if counsel are present, we'll progress – proceed to the next argument, which is Hilton v. Kate. Is everyone here? Great, thank you. Good morning, colleague. Flying out of Burbank, I presume. It is. And thank you for advancing this one day, and thank you for advancing it even on the calendar. You had a shot. I don't mean to be a total prima donna. Dr. Johnson once said, it's amazing, about to be executed focuses one's mind, about to catch a plane also focuses one's mind for oral argument. Very good. Proceed.
judges: Thomas, Silverman, Fisher